UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 06-61912-CIV-SEITZ/MCALILEY

ANDRES TOBON,

   Plaintiff,

vs.

AMERICAN SECURITY INSURANCE
COMPANY,

   Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO
DISMISS COUNTS II AND III OF PLAINTIFF'S COMPLAINT**

Pending before this Court is Defendant American Security Insurance Company's Motion to Dismiss Counts II and III of Plaintiff's Complaint [DE 8] which, on the parties' consent, was referred to the undersigned for resolution. [DE 11, 15]. Plaintiff has not filed a response to the motion, which itself can be grounds for granting the motion. S.D. Fla. L. R. 7.1(C).

This Court has reviewed Defendant's motion, relevant documents in the file and legal authority, and concludes for the reasons given below that the motion must be **GRANTED** and Counts II and III of Plaintiff's complaint **DISMISSED WITHOUT PREJUDICE**.

### I.     The complaint

In evaluating Defendant's motion to dismiss, the Court must take as true the material allegations of the complaint, and liberally construe them in favor of the plaintiff.  *Bensch v. Metropolitan Dade County*, 855 F. Supp. 351, 352 (S.D. Fla. 1994).  A court should not grant a motion to dismiss unless it appears beyond doubt that a claimant can prove no set of facts in support of his claim that would entitle him to relief.  *Id.*, *citing, Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  The Court reviews Plaintiff's complaint with this standard in mind.

The complaint, although originally filed in the Circuit Court for Broward County, Florida, was removed to this Court based on its diversity jurisdiction.  [DE 1].  According to the complaint, Defendant insured Plaintiff's home with a policy of insurance that covered losses caused by wind and rain, and the policy was in effect when Plaintiff's home was damaged by wind and rain.  [DE 1, Ex. A, ¶ 3, 4, 5, 6].  The complaint does not claim that Defendant has denied coverage for these losses; in fact it specifically pleads that Defendant has not claimed any exclusions from coverage.  [DE 1, Ex. A, ¶ 10].  Instead, the complaint charges that the Defendant has undervalued the amount of the loss.  [DE 1, Ex. A, ¶ 11, 13].

Count I of the complaint, which is not the subject of the present motion, is an action for breach of contract.  [DE 1, Ex. A, ¶ 30-36].  It alleges the existence of a binding contract that covers the losses sustained by Plaintiff.  [DE 1, Ex. A, ¶ 31].  According to the complaint Defendant has breached the insurance contract by failing to properly investigate the claim, and undervaluing the claim, in both the scope of damage and amount of loss.  [DE 1, Ex. A,

¶ 32].

Count II of the complaint seeks declaratory relief pursuant to Florida Statute § 86.011. [DE 1, Ex. A, ¶ 37-41]. In this Count, Plaintiff again alleges the existence of a binding contract of insurance ("Defendant has refused or otherwise failed to pay clearly entitled to losses under the insurance contract . . .") and, in the same sentence, contradicts this claim with his statement that he is "in doubt as to the rights and obligations under the contract of insurance." [DE 1, Ex. A, ¶ 39]. The complaint, however, does not identify any provision of the policy in dispute or doubt. Nevertheless Plaintiff asks this Court to declare: the validly of the insurance contract; Plaintiff's rights and obligations under the policy; and that Plaintiff's losses are in fact covered by the policy and must be paid. [DE 1, Ex. A, ¶ 40]. The "wherefore clause" at the conclusion of Count II contains a laundry list of other desired declarations, some of which make little sense, and all of which suffer from the same fundamental infirmity addressed below.

The final count accuses Defendant of negligent supervision and hiring of its adjusters. [DE 1, Ex. A, ¶ 42-47]. Count III alleges that Defendant owes Plaintiff a duty to properly investigate and process his claim and to control any third-party Defendant hires to adjust the claim. [DE 1, Ex. A, ¶ 42-45 ]. Plaintiff alleges that Defendant breached this duty "by allowing the adjuster to 'undervalue' or otherwise fail to properly value the claim." [DE 1, Ex. A, ¶ 47].

**II.     Analysis**

This Court has subject matter jurisdiction based on the parties' diversity of citizenship; therefore it must apply Florida law in resolving issues of substantive law and must apply federal law in resolving procedural matters. *McMahan v. Toto*, 256 F.3d 1120, 1131 (11th Cir. 2001), *citing*, *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

**A.     Count II: declaratory relief**

To trigger jurisdiction under the declaratory judgment act, Fla. Statute § 86.011, the moving party must show that he or she is in doubt as to the existence of some right or status and is entitled to have that doubt removed. *See Kelner v. Woody*, 399 So. 2d 35, 37 (Fla. 3d DCA 1981). The complaint does not satisfy this essential pleading requirement, as it does not identify any provision of the insurance contract in doubt and in need of construction.[1] Accordingly, Count II must be dismissed.

Florida law is clear that declaratory relief is not generally available to settle coverage questions under an insurance contract that is clear and unambiguous, because such instances present no need for contract construction. *See Travelers Ins. Co. v. Emery*, 579 So. 2d 798, 801 (Fla. 1st DCA 1991); *New Amsterdam Cas. Co. v. Intercity Supply Corp.*, 212 So. 2d 110,112 -113 (Fla. 4th DCA 1968). Although Plaintiff states "he is in doubt" as to his rights under the contract, he has not set forth any ambiguity in the terms of the insurance contract in need of construction. To the contrary Plaintiff alleges that Defendant has failed to pay for

---

[1] Construction of a contract is an explanation of its legal effects and consequences. *See Argus Photonics Group, Inc., v. Dickerson*, 841 So. 2d 598, 600 (Fla. 4th DCA 2003).

4

losses which Plaintiff is "clearly entitled to." From the complaint it appears that the real dispute is a factual one concerning the existence of a loss and its valuation. Under these circumstances, dismissal of a claim for declaratory relief is proper. *See Kelner*, 399 So. 2d at 37-8 (dismissal of a complaint for declaratory judgment proper where apart from a conclusory allegation of doubt, the complaint demonstrates on its face that there is no doubt as to the meaning of the document sued under); *see also Swain v. Reliable Ins. Co.*, 200 So. 2d 862, 863 (Fla. 3d DCA 1967) (though alleging that she was in doubt as to her rights under the policy, Plaintiff presented no facts or circumstances reflecting a doubt as to the meaning, interpretation or applicability of the policy or coverage thereunder).

The Court is vested with discretion when determining whether declaratory relief is appropriate. *Travelers Insur. Co.*, 579 So. 2d at 800; *Kelner*, 399 So. 2d at 38. An order on a motion to dismiss a petition for declaratory judgment should not reach the merits of the suit, but should only determine the question of whether or not the plaintiff is entitled to a declaration of rights. *See, e.g., Mills v. Ball*, 344 So. 2d 635, 638 (Fla. 1st DCA 1977). Plaintiff has not properly pled a claim for declaratory relief; accordingly, COUNT II of Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE.

### B. Count III: negligent hiring and supervision

Count III of Plaintiff's complaint must be dismissed because he has failed state a cause of action for negligent hiring and supervision under Florida law.[2] To properly plead

---

[2] The primary distinction between a claim for negligent hiring and a claim for negligent supervision or retention concerns the time at

this claim Plaintiff must allege facts, that if prove true, would establish that Defendant was put on notice of its employees' harmful propensities that gave rise to the cause of action. *Willis v. Dade County School Board*, 411 So. 2d 245, 246 n.1 (Fla. 3d DCA 1982). Plaintiff has not alleged any facts that would show Defendant was aware, or should have been aware, of any harmful propensities of its adjusters, either at the time of hiring or after employment commenced.  Plaintiff has not properly plead this cause of action, and Count III is DISMISSED WITHOUT PREJUDICE.[3]

### III. Conclusion

Defendant's Motion to Dismiss is **GRANTED**.  Counts II and III of Plaintiff's complaint are **DISMISSED without prejudice**.  Plaintiff may file an amended complaint within **10 days** of the date of this order.  Defendant shall file its answer to Count I of the

---

> which the employer is charged with knowledge of the employee's unfitness. A claim for negligent hiring arises when, before the time the employee is hired, the employer knew or should have known that the employee was unfit. Liability in these cases focuses on the adequacy of the employer's pre-employment investigation into the employee's background. Liability for negligent supervision or retention, however, occurs after employment begins, where the employer knows or should know of an employee's unfitness and fails to take further action such as investigating, discharge or reassignment.

*Malicki v. Doe*, 814 So. 2d 347, 362 n.15 (Fla. 2002)(internal citations and quotation marks omitted).

[3] Defendant also contends that Count III is barred by Florida's economic loss doctrine.  This argument appears to have merit, however the Court is not prepared to reach a decision on the issue without full briefing from both parties.  If Plaintiff is inclined to file an amended claim for negligent hiring and supervision, he is directed to first give careful consideration to the applicability of the economic loss doctrine to his claim, and be prepared to defend the claim, with a thorough memorandum of law, upon the filing of a renewed motion to dismiss.

present complaint, or a responsive pleading to an amended complaint, within **20 days** of the date of this Order.

DONE and ORDERED in Chambers at Miami, Florida, this 20th day of June, 2007.

_____
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Honorable Patricia A. Seitz
All counsel of record